IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAURICIO VASQUEZ,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 3:16-cv-02335-MO

ORDER TO DISMISS

MOSMAN, District Judge.

On February 18, 2015, while plaintiff was incarcerated at FCI-Victorville, California, Bureau of Prisons ("BOP") personnel moved him from general population housing to the Segregated Housing Unit ("SHU"). At that time, BOP personnel inventoried plaintiff's property but, according to plaintiff, he was not allowed an opportunity to review his personal property until April 14, 2015 at which time he found several items missing. Declaration of Mauricio Vasquez (#14), p. 2.

1 - ORDER TO DISMISS

Approximately four months later, on June 12, 2015, plaintiff was transferred from the FCI-Victorville SHU to FCI-Sheridan. On August 27, 2015, he filed an administrative tort claim seeking $211.65 in damages for his missing property. On November 8, 2016, the BOP denied the claim and advised plaintiff that the denial was final and that he could not avail himself of judicial review of that decision. Declaration of Nellie T. Klein (#9), p. 2.

On December 19, 2016, plaintiff filed a Complaint in this court alleging that the BOP lost his personal property during his prison transfer. He asks for $475 in damages. Defendant moves to dismiss this case for lack of subject-matter jurisdiction.

## **STANDARDS**

When a defendant moves to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the court does, indeed, have jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994). The court will grant defendant's Motion if the Complaint fails to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036,

2 - ORDER TO DISMISS

1039 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). Alternatively, a defendant may seek dismissal under Rule 12(b)(1) by presenting evidence to refute the jurisdictional facts alleged in the complaint. *Id.* Once the defendant has introduced such evidence, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 3 (citation omitted).

**DISCUSSION**

The Federal Tort Claims Act ("FTCA") acts as a waiver of the United States' sovereign immunity. It authorizes "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the FTCA is limited in some respects. As it pertains to this case, the FTCA waiver of sovereign immunity does not encompass "[a]ny claim arising in respect of the . . . detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). The term "any other law

3 - ORDER TO DISMISS

enforcement officer" includes BOP officers. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008).

Plaintiff contends that the detention of goods exception does not apply in this case because the United States was not negligent in respect to the detention of his goods. Instead, he asserts the United States was negligent in keeping its inventory records sheets. Specifically, plaintiff alleges that BOP personnel lied when they indicated on the relevant paperwork that he wished to donate some of his personal property. Despite how plaintiff wishes to characterize his claim, it is not cognizable in this court because: (1) even if plaintiff's allegation is that BOP personnel fraudulently filled out the inventory records sheet pertaining to his property, "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h)." *Owyhee Grazing Ass'n v. Field*, 637 F.2d 694, 697 (9th Cir. 1981); and (2) at its core, plaintiff's claim is about the improper disposal of his property by BOP personnel, something the detention of goods exception specifically excludes from the FTCA's waiver of sovereign immunity. Consequently, the court lacks jurisdiction over the subject matter.

///

4 - ORDER TO DISMISS

## CONCLUSION

Defendant's Motion to Dismiss (#8) is granted. Plaintiff's Complaint (#2) is dismissed for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

DATED this 3d day of Oct~~ember~~, 2017.

Michael W. Mosman
United States District Judge

5 - ORDER TO DISMISS